NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-384-JBC

JAMES L. HUDSON, JR.                                                                        PLAINTIFF

VS:             **MEMORANDUM OPINION AND ORDER**

THE SPRINGS INN,
d/b/a Springs Motel of Lexington                                                       DEFENDANT

This matter is ripe for decision on the defendant's motion to dismiss or for summary judgment. The motion will be granted.

## BACKGROUND

The plaintiff James L. Hudson, Jr., acting *pro se*, filed this action against his past employer, claiming that he was being sexually harassed by a female co-worker during his employment at the Springs Inn; that despite his complaint about it, his supervisor did nothing; that in March of 2003, he filed a complaint of sexual harassment with the Human Rights Commission; and that upon learning that a meeting with the Commission was pending, his employer wrongfully fired him.

The plaintiff has sued the defendant for slander, defamation of character, retaliation and wrongful discharge. He also claims that the defendant "misrepresented and misled" the Human Rights Commission and the Kentucky Unemployment Office. The plaintiff seeks compensatory and punitive damages.

## DEFENDANT'S MOTION

The defendant seeks dismissal under the doctrine of *res judicata*. It also asserts that the claims for slander, defamation of character and misrepresentation are barred by the applicable statute of limitations.

The defendant relies on *James L. Hudson, Jr. v. The Springs Inn, et al.*, Lex. No. 03-CV-534-JBC (*Hudson I*), where, in addition to the business entity, the plaintiff also named individuals at the Springs as defendants, and he alleged breach of contract, racial discrimination, and harassment, all related to his April 20, 2003, discharge. He later sought to amend the complaint to add slander, defamation, retaliation and wrongful discharge claims, but the motion was denied.

The docket in that case reveals that at some point in March of 2004, the parties discussed settling the action for $1.00 and then entered into an agreement to do so; upon studying the release agreement, however, the plaintiff changed his mind and would not sign the document or accept the defendants' check. Upon the defendants' motion for the court to enforce the agreement, the court held an evidentiary hearing. Afterward, by order of July 2, 2004, granting the motion, the court specifically found that a settlement agreement had been reached, and "the court will hold Mr. Hudson to his verbal agreement, despite his claimed confusion." The last docketed pleading in that case is the court's October 18, 2004, order dismissing the case with prejudice.

Also attached to the instant motion is a copy of the agreement and release of claims, which, the defendant argues, encompassed the claims now being made in the instant action. Since the four elements necessary to establish claim preclusion are met,[1]

---

[1] The defendant cites *Sanders Confectionary Prods., Inc. V. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992).

2

the defense claims, the doctrine bars re-litigation of the claims raised here. Also, as to the claims for slander, defamation and misrepresentation, the defendant argues that these are all encompassed within Kentucky's definition of defamation and are made outside Kentucky's one-year statute of limitations for defamation.

Therefore, the defendant asks for dismissal of the instant cause of action.

## Plaintiff's Response

The plaintiff has responded, claiming that the applicable statute of limitations is for "five (5) years, Fed.R.Civ.P. 413.120. My claim is still active in the Court, and I never signed a Settlement Agreement, nor do I agree with said Agreement as it was presented to me. I felt the Agreement to be one sided and unfair."

## DISCUSSION

With regard to a motion for summary judgment, under Federal Rule of Civil Procedure 56, the court must determine whether there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also, Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986).

The defendant has asserted that it is entitled to summary disposition under the doctrine of *res judicata* because of the plaintiff's prior federal court action. The doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from re-litigating issues that were or could have been raised in a prior action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). Because the prior action occurred in federal court, the applicability of the doctrine of *res judicata* is determined under federal law. *Pierson Sand & Gravel, Inc v. Keeler Brass Co.*, 460 Mich. 372, 380-381;596 NW2d 153 (1999).

Under federal law, a claim is barred by *res judicata* when the following requirements have been met: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane*, 71 F3d at 560.

Taking these criteria in order, this court finds that the plaintiff's federal claims were decided against him on the merits. *See Dyer v. Untera Corp.*, 870 F.2d 1063, 1066 (6th Cir. 1989) ("In the federal courts, a dismissal pursuant to Rule 12(b)(6) is considered a decision on the merits with full res judicata effect."). The current plaintiff and defendant were opposing parties in *Hudson I*. Under federal law, it is immaterial for *res judicata* purposes that the prior action included additional parties, so the second criterion is satisfied. *Nolan v. Owensboro*, 75 F.2d 375, 376-377 (6th Cir. 1935).

Regarding the third criterion, the present action encompasses claims for slander, defamation, and wrongful discharge, all of which were settled by the terms spelled out in the parties' broad settlement agreement, which was held valid and was enforced by this court more than a year ago. As for the fourth criterion, federal law recognizes an identity of causes of action when there is an "an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chemical Co v. Kulick,* 656 F.2d 1224, 1227 (CA 6, 1981). A determination of the plaintiff's rights and the defendant's actions herein would necessarily entail a review of the facts underlying the discharge of the plaintiff in April of 2003 and the settlement agreement, the two primary issues in the previous federal action. Therefore, there is an identity of the causes of action between this case and the dismissed federal case.

4

Accordingly, *res judicata* bars the plaintiff's current action. To the extent that the words "retaliation" and "misrepresentation" appear in the current complaint but did not appear in the plaintiff's first complaint, the court is of the opinion that the current allegations that the employment discharge was retaliatory and that the defendant misrepresented the reasons for the discharge are encompassed in the agreement settling all "claims concerning any aspect of Hudson's employment with or separation from The Springs Inn."

The court concludes that the defendant has carried its summary judgment burden as movant, showing that the same plaintiff's claims against the same defendant named herein have been or could have been made in the earlier action; the claims about his employment and discharge were decided against Plaintiff Hudson on the merits; and the action was dismissed *with prejudice*. Thus, the instant lawsuit against the defendant Springs Inn is barred by the doctrine of *res judicata*.

The plaintiff has failed to carry his burden in opposition to the defendant's motion, *i.e.*, to come forward with "affirmative evidence to defeat a properly supported motion for summary judgment" (*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). The current record contains only the plaintiff's original verified allegations, which complain of the same discharge as in his 2003 complaint, and his response to the instant motion, which is only a broad denial of his having signed the settlement agreement and the reason he did not do so. A plaintiff must employ proof other than his pleadings to establish the existence of specific triable facts. *Celotex Corp. v. Catrett*, 477 U.S. at 324. The plaintiff has presented none. Conclusory statements will not defeat a motion for summary judgment. *Matsushita Electric Industrial C. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

## CONCLUSION

Because there is no genuine issue of material fact and the defendant is entitled to a judgment as a matter of law, the court will grant the defendant's motion for summary judgment and dismiss the instant action with prejudice.  Accordingly,

**IT IS HEREBY ORDERED** as follows:

(1) The defendant's motion for summary judgment [Record No. 4] is **GRANTED**; and

(3) the instant cause of action is **DISMISSED WITH PREJUDICE**, and Judgment shall be entered by separate order.

Signed on January 12, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY